GLORIA V. GEORGE v. WAKE COUNTY OPPORTUNITIES, INC.

No. 7510SC187

(Filed 6 August 1975)

**Master and Servant § 10— action for wrongful discharge**

Plaintiff's discharge as director of an antipoverty agency was not wrongful where her contract of employment was for an indefinite

period of time and contained no procedural requirements for dismissal; even if the parties contemplated at the time of hiring that dismissal would be governed by established personnel procedures or by procedural safeguards required by the Office of Economic Opportunity, such procedures were followed and defendant's board of directors thereafter properly terminated plaintiff's employment notwithstanding the grievance committee had recommended that she be reinstated.

APPEAL by defendant from *McLelland, Judge*. Judgment entered 11 October 1974 in Superior Court, WAKE County. Heard in the Court of Appeals 29 May 1975.

Plaintiff instituted this action on 16 August 1971 seeking damages in the amount of lost wages from 12 August 1968, the date of defendant's alleged wrongful termination of her employment as Director of the Little River Community Action Center in Zebulon. She also sought restoration to her former position.

In her complaint plaintiff alleged that on 21 September 1967 she entered into a contract of employment with defendant, an antipoverty agency, at an annual salary of $6,000.00. On 26 July 1968 defendant's Executive Director requested plaintiff's resignation as a center director and on 12 August 1968 he ordered her not to return to the center. Plaintiff then initiated grievance proceedings pursuant to the agency's written personnel policies and procedures. These procedures were adopted in compliance with Community Action Memo 23-A, issued by the Office of Economic Opportunity, which reads in part as follows:

"Employee grievances shall be given prompt and fair attention. Grantee and delegate agencies shall make provision for review of personnel actions by the governing body or a committee appointed by the governing body in any case in which there is a claim of unfair treatment or of dismissal without cause."

Plaintiff further alleges that a Grievance Committee appointed by defendant found in her favor, but on 28 August 1968 defendant's Board of Directors voted to take no action on the committee's report until the Executive Director returned to work. Meanwhile, on 10 September 1968, the Board met and voted to terminate plaintiff's employment. She alleged that the initial request for her resignation was without cause and that she has been denied a hearing of her grievance in accordance with defendant's rules, regulations, procedures and by-laws.

Defendant in its answer admitted that plaintiff was employed and discharged as alleged but denied all other material allegations in the complaint. Defendant alleged that plaintiff's employment was for an indefinite term and was subject to written policies of the corporation including

> "the provisions of Section III 3 (2) *'Dismissal of Center Directors* is at the discretion of the Executive Director and such action will be taken after disciplinary action as outlined in Personnel Policies has been completed.'; and the provisions of Personnel Policies Section V 6 F: 'The Executive Director is authorized to take appropriate action where an employee's work or conduct make it necessary. Suspension from the job or dismissal of an employee is left to the discretion of the Executive Director.' "

Defendant further alleged that on 28 June 1968 plaintiff tendered her resignation, which was accepted subject to her request to appear before the Executive Committee. Plaintiff appeared before the Executive Committee and was granted hearings before the Board of Directors and the Grievance Committee. The action of the Executive Director dismissing plaintiff was approved by both the Executive Committee and the Board. Therefore, defendant alleged, it has fully complied with its established procedures and by-laws.

Both sides moved for summary judgment, stipulating that except for damages there was no material issue of fact to be determined and submitting the fruits of extensive discovery which were contained in the pretrial order. The court announced that it was granting plaintiff's motion, and a hearing was held on the issue of damages.

Plaintiff testified that she had attempted to find other employment but, except for a brief period as a substitute teacher, was unable to do so because of her having been discharged by defendant. The court found that plaintiff was not discharged in accordance with procedural requirements of defendant corporation, was entitled to reinstatement, had made reasonable efforts to mitigate damages, and probably would have continued in her position to this day had she not been discharged. From the judgment awarding plaintiff $43,364.90 and ordering her reinstated, defendant appealed to this Court.

*Davis, Davis & Debnam, by F. Leary Davis, Jr., and W. Thurston Debnam, Jr., for plaintiff appellee.*

*Kimzey, Mackie & Smith, by James M. Kimzey, for defendant appellant.*

ARNOLD, Judge.

Defendant contends that the trial court erred in finding that plaintiff's discharge was wrongful and in granting her motion for summary judgment. The voluminous materials offered in support of the motion do not reveal the existence of any genuine issues of material fact. The question then is whether plaintiff was entitled to judgment as a matter of law.

Defendant argues (1) that plaintiff's contract of employment was for an indefinite period and therefore was terminable at will, and (2) that, even if its dismissal procedures are considered to have been made part of the contract, defendant has complied with them. Under either view, defendant argues, judgment for plaintiff was contrary to law and must be reversed. We agree.

It is well settled in North Carolina that a contract of employment for an indefinite period of time is terminable by either party at will. *Scott v. Burlington Mills,* 245 N.C. 100, 95 S.E. 2d 273 (1956) ; *Howell v. Credit Corp.,* 238 N.C. 442, 78 S.E. 2d 146 (1953). Although alleged by plaintiff, there is nothing in the record to indicate that the dismissal procedure was incorporated into her contract. Without some such provision, defendant had the right to dismiss Mrs. George at any time and for any reason.

Assuming, however, that the parties did contemplate at the time of hiring that dismissal would be governed by established personnel procedures, or that a failure to follow procedural safeguards required by the Office of Economic Opportunity states a cause of action, the record shows that defendant in fact did comply with its written policies and procedures. These provide that "[d]ismissal of Center Directors is at the discretion of the Executive Director and such action will be taken after disciplinary action as outlined in Personnel Policies has been completed." Under Personnel Policies the employee must be given two weeks' notice of appeal as provided under Grievances. Under Grievances the employee may appeal within fifteen days

of dismissal to the Grievance Committee of the Board of Directors.

Plaintiff's exhibits show that on 26 July 1968 she was given notice by defendant's Executive Director that her employment would terminate as of 12 August 1968. By letter dated 9 August 1968 plaintiff requested a grievance hearing, which was held on 26 August 1968. The Grievance Committee recommended that Mrs. George be reinstated for a two-week probationary period during which her relationship with the Executive Director would be reassessed and the Executive Committee would make a final disposition. On 28 August 1968 the Board of Directors decided to postpone action on the Grievance Committee's report. On 10 September 1968 the Board voted to terminate plaintiff's employment.

From the foregoing it is clear that the Executive Director had the authority in his discretion to dismiss plaintiff subject to her right to appeal to the Grievance Committee. Moreover, nothing in the personnel procedures can be construed to require the Board of Directors to accept the Committee's recommendation. While plaintiff may have been entitled to certain procedural safeguards, which she was afforded, she did not have a substantive right to retain her employment.

The record simply does not support the trial court's holding that plaintiff's employment was wrongfully terminated. The judgment in her favor must be

Reversed.

Judges MARTIN and CLARK concur.