JOSEPH S. GRISSOM v. NORTH CAROLINA DEPARTMENT OF REVENUE

No. 7510SC683

(Filed 7 January 1976)

Administrative Law § 5— dismissal of State employee — reinstatement sought — appeal to State Personnel Board unnecessary

　　Petitioner whose employment with the Department of Revenue was allegedly terminated because of his political views was not required to appeal to the State Personnel Board before he could seek judicial review, since the Board could only render an advisory recommendation and could not grant the reinstatement sought by petitioner.

APPEAL by petitioner from Brewer, Judge. Judgment entered 9 May 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 19 November 1975.

Petitioner instituted this action on December 31, 1974 seeking an order pursuant to G.S. 143-312 to stay the decision of the Department of Revenue terminating the employment of petitioner pending the outcome of this cause, to review the Department decision by trial de novo in accordance with G.S. 143-314, and to reverse the decision of the Department. Petitioner asked that his petitions be treated as an appeal, or in the alternative, as a petition for writ of certiorari to review the agency's decision dismissing petitions.

Petitioner made the following allegations: He had been continuously employed by the State of North Carolina from 1954 to November, 1974. From March, 1958, until his employment was terminated in November 1974, he held the position of Personnel Officer with the Department of Revenue. On 7 November 1974 J. Howard Coble, Secretary of the Department of Revenue, ordered the petitioner to resign from his job because of an alleged informal comment by petitioner to fellow employees that he intended to vote a straight ticket in the November election. Secretary Coble labeled petitioner's action as "disloyal" and ordered petitioner to resign. Petitioner submitted his resignation under duress. He subsequently attempted to withdraw his resignation, but Secretary Coble refused to accept the withdrawal. Petitioner alleged that he had a statutory and constitutional right to continued employment by the State.

By affidavit petitioner further alleged that his attorney met with Secretary Coble on 22 November 1974. Mr. Coble informed the petitioner that he would not be reinstated to his former position and stated that his denial of reinstatement "was the final administrative decision and that Mr. Coble would give the matter no further consideration." Petitioner was officially dismissed from his employment on 27 November 1974.

Respondent, the Department of Revenue, filed a motion to dismiss pursuant to Rule 12(b)(6) and Rule 12(b)(1) of the North Carolina Rules of Civil Procedure, and for the reason that the matters complained of were not properly subject to review under Article 33 of Chapter 143 of the General Statutes because petitioner had failed to comply with statutory provisions.

At the hearing on the motion in Superior Court, the court concluded that petitioner was not entitled to judicial review upon the question of whether his position as a State employee was wrongfully terminated, or whether his resignation was coerced. The court further held that petitioner was not entitled to judicial review upon the question of whether he should be reemployed and dismissed the petition without prejudice to petitioner's right to pursue any administrative remedies now available to him. From that order petitioner appealed to this Court.

*Blanchard, Tucker, Twiggs and Denson, by Howard F. Twiggs, for petitioner appellant.*

*Tharrington, Smith and Hargrove, by J. Harold Tharrington and Roger W. Smith, for respondent appellee.*

ARNOLD, Judge.

This case concerns an employee of the Department of Revenue (the Department) whose employment allegedly was terminated because of his political views. The question presented by this appeal is whether the employee is required to appeal to the State Personnel Board before he may seek judicial relief.

Article 1 of Chapter 126 of the General Statutes creates the State Personnel Board (the Board). Among the powers and duties conferred by the General Assembly the Board is to hear ". . . appeals of applicants, employees, and former employees and . . ." to issue ". . . advisory recommendations in all appeal cases."

By authority of G.S. 126-4(9) the Board has adopted a rule permitting an employee who has been suspended or dismissed to make a final appeal to the State Personnel Board, provided that the appeal shall be in writing and within thirty days after the effective date of the suspension or dismissal.

Also applicable to this case is G.S. Chapter 143, Article 33, authorizing judicial review of certain administrative agencies. This provision was repealed by the General Assembly effective 1 February 1976, and judicial review of administrative agencies is now embodied in Article 4 of Chapter 150A.

G.S. 143-307 provides for judicial review of a final administrative decision only after all administrative remedies have been exhausted.

An "administrative decision" is "any decision, order or determination rendered by an administrative agency in a proceeding in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an opportunity for agency hearing. G.S. 143-306(2).

An "administrative agency" means "any State officer, committee, authority, board, bureau, commission, or department authorized by law to make administrative decisions, except those agencies in the legislative or judicial branches of government, and except those whose procedures are governed by Chapter 150 of the General Statutes, or whose administrative decisions are made subject to judicial review under some other statute or statutes containing adequate procedural provisions therefor." G.S. 143-306(1).

---

---

The Department of Revenue is an "administrative agency," and the termination of petitioner, if as alleged, would be an "administrative decision" within the statutory definitions already set forth.

The petitioner contends that the trial court erred in dismissing his action because he had not exhausted all administrative remedies by failing to appeal to the Board within thirty days.

It is argued by the Department that G.S. 126-4(9) required an appeal to the Board, and that petitioner's failure to appeal his grievance to the Board bars him from obtaining judicial review pursuant to G.S. 143-307 because he has not exhausted his administrative remedies. It is emphasized by the Department that the rule that statutory requirements for appeal from decisions of administrative agencies are mandatory and not directory. *In re Employment Security Com.*, 234 N.C. 651, 68 S.E. 2d 311 (1951).

The Department further argues that since this is an action against the State it is barred by the doctrine of sovereign immunity for failure to strictly follow the statutory provision permitting the action against the State.

The General Assembly is presumed to have acted in accord with reason and common sense and not to have intended an unjust or absurd result. *State v. Humphries*, 210 N.C. 406, 186 S.E. 473 (1936). It does not accord with reason to require petitioner to waste money, time, and effort in appealing to the Board in order to fully exhaust his administrative remedies. The Board is authorized only to render advisory recommendations which are not binding on administration officials or the courts, and it is without power to grant petitioner any relief.

It is petitioner's position that exhaustion of administrative remedies does not require him to appeal to a purely advisory body. This position is supported by *United States Alkali Exp. Asso. v. United States*, 325 U.S. 196, 65 S.Ct. 1120, 89 L.E. 1554 (1945), where the defendant, in an anti-trust action, asserted that the government had failed to present its case to the Federal Trade Commission. The Supreme Court of the United States held that such an administrative remedy was inadequate, and that the government was not required to pursue that remedy in order to exhaust administrative remedies, because the

F.T.C. could not grant any relief, only investigate, recommend and report.

Similarly, the Personnel Board has no power but to recommend, and to require an appeal to the Board in order to exhaust administrative remedies is an inadequate remedy. Moreover, our Supreme Court has stated that G.S. Chapter 143, Article 33, is to be liberally construed, and that its primary purpose is to confer the right of review. *In re Appeal of Harris,* 273 N.C. 20, 159 S.E. 2d 539 (1968).

We hold that petitioner is entitled to judicial review, and that he was not compelled to appeal to a purely advisory board in order to exhaust all administrative remedies, and that his action is not barred by sovereign immunity.

The order of the trial court is reversed and the cause remanded to Superior Court for judicial review.

Reversed and remanded.

Judges PARKER and HEDRICK concur.