BETTY THORNE NANTZ, Petitioner v. EMPLOYMENT SECURITY
COMMISSION OF NORTH CAROLINA AND THE NORTH CARO-
LINA STATE BOARD OF PERSONNEL, Respondents

No. 7510SC726

(Filed 3 March 1976)

1. Administrative Law § 4; Master and Servant § 10— dismissal of em-
ployee of State agency — due process

Where petitioner had no express contract of employment with the
Employment Security Commission, and there was no statutory pro-
vision affecting her job tenure or contractual rights, petitioner had
no "property" right or interest in her employment with the Commis-
sion for due process rights to attach, and she was thus not entitled
to notice and a hearing before she could be dismissed from her em-
ployment.

2. Administrative Law § 4; Master and Servant § 10— dismissal of em-
ployee of State agency — due process

Petitioner was not entitled to due process rights in her dismissal
as an employee of the Employment Security Commission on the ground
that her dismissal constituted an attack upon her good name, reputa-
tion, honor or integrity where the stated reasons for her dismissal
were that her conduct was unbecoming and seriously disturbed the
normal operations of the agency in that she refused to answer ques-
tions or otherwise aid the agency in its investigation of the source of
anonymous letters alleging mismanagement and sexual misconduct by
employees in the office in which petitioner worked.

3. Administrative Law § 4; Master and Servant § 10— dismissal of em-
ployee of State agency — notice and hearing

Even if petitioner had a property right in her job with the Em-
ployment Security Commission, by implied tenure or otherwise, she
was given adequate notice and opportunity to be heard before her dis-
missal by the Commission and after dismissal at her request by the
State Personnel Board.

4. Administrative Law § 5— dismissal of employee of State agency —
contention for first time on appeal

Petitioner could not contend for the first time on appeal in the
superior court that her Fifth Amendment right against self-incrimina-
tion was violated by her dismissal as employee of a State agency for
unbecoming conduct and serious disturbance of the normal operations
of the agency based upon her refusal to answer questions or otherwise
aid the agency in its investigation of anonymous letters.

5. Administrative Law § 5— action against State Personnel Board — dis-
missal — power only to recommend

Action in the superior court seeking review of petitioner's dis-
missal as an employee of the Employment Security Commission was
properly dismissed as to the State Personnel Board since the Board
was authorized to render only advisory recommendations which are

---

---

not binding on administrative agencies or the courts and was without power to grant petitioner any relief.

Judge VAUGHN dissenting.

APPEAL by petitioner from *Alvis, Judge.* Judgment entered 13 June 1975, in Superior Court, WAKE County. Heard in the Court of Appeals 13 January 1976.

On 15 January 1974, during the course of investigating several typed anonymous letters intimating mismanagement and sexual misconduct by employees in the Charlotte office, the State Employment Security Commission was informed by a document expert that the letters were written on the typewriter assigned to the plaintiff, who was a Labor Market Analyst in the office and had been employed by the Commission for twenty-five years. Investigation by the Commission did not reveal any evidence of mismanagement or sexual misconduct adversely affecting the operation of the office. On 18 January, in a conference between plaintiff and the executive officers of the Commission, she was requested to assist in the investigation and to disclose any information she may have about office conditions and the writing of the anonymous letters. Plaintiff refused to answer the questions, and she was thereupon suspended from her job. Plaintiff obtained legal counsel, and on several occasions they met with officers of the Commission for the purpose of settling any differences, but she continued to refuse to answer any questions relating to the anonymous letters. She was offered a different job with the Commission in another office within commuting distance of Charlotte, but she refused to accept it. By letters of 15 March 1974, the Commission terminated plaintiff's employment effective 18 January 1974, informing her that the reasons for doing so were violations of Items 1 and 6, Section 5, Personal Conduct Code of the State Personnel Board. Item 1 provides for "conduct unbecoming a State employee" and Item 6 for "participation in any action that would in any way seriously disrupt or disturb the normal operations of the agency."

Petitioner sought review of the Commission's action by the State Personnel Board. At the hearing before the Board, the document expert testified that in his opinion the anonymous letters were typed on the typewriter assigned to plaintiff but "it is possible" that two or more typewriters with the same type could have typed them. The Director and other employees

of the Commission testified at this hearing and this evidence tended to show the uncontroverted facts hereinabove stated. The testimony was recorded and with various exhibits constituted the record of the hearing before the court.

Petitioner then sought review in the Superior Court, where both the Commission and the Board moved to dismiss for lack of jurisdiction and failure to state a claim. The motion of the Personnel Board was allowed, but the motion of the Commission was denied. The Commission did not appeal this ruling. The hearing in the Superior Court was conducted, without objection, on the record of the proceedings before the Personnel Board, oral arguments, and written briefs. It was stipulated that the parties were properly before the court. Judge Alvis entered judgment confirming the dismissal of the plaintiff by the Employment Security Commission. From this judgment, petitioner appeals.

*Attorney General Edmisten by Associate Attorney William H. Guy for the State.*

*Bailey, Brackett & Brackett, P.A., by Ellis M. Bragg for petitioner appellant.*

*Garland D. Crenshaw, H. D. Harrison, Jr., Howard G. Doyle and Thomas S. Whitaker for respondent appellee, Employment Security Commission of North Carolina.*

CLARK, Judge.

[1] Plaintiff had no express contract of employment with the State Employment Security Commission; nor was there any applicable statutory provision affecting her job tenure or contractual rights. Under G.S. 96-4 the Director of the Commission had the power to "appoint" her to the job, to fix her compensation, and to prescribe her duties.

Plaintiff contends that her dismissal by the Commission violated her due process rights under the Fourteenth Amendment. The Supreme Court of the United States has established that due process requirements apply only to deprivations of liberty and property. To acknowledge that constitutional restraints exist upon a state government in dealing with its employees is not to say that all such employees have a right to notice and hearing before they can be removed from their employment. See Anno., 40 A.L.R. 3d 728 (1971). In *Board of*

*Regents v. Roth,* 408 U.S. 564, 33 L.Ed. 2d 548, 92 S.Ct. 2701 (1972), it was held that an assistant professor at a State University was not entitled to a statement of reasons or a hearing on the University's decision not to rehire him. The court observed that "to have a property interest in a benefit a person must . . . have a legitimate claim of entitlement to it." But the court did state that "[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." See *Wisconsin v. Constantineau,* 400 U.S. 433, 437, 27 L.Ed. 2d 515, 91 S.Ct. 507, 510 (1971). Since there is no evidence to support a claim of entitlement to employment, petitioner had no "property" right or interest in her employment for due process rights to attach. See *George v. Opportunities, Inc.,* 26 N.C. App. 732, 217 S.E. 2d 128 (1975); *McDowell v. State of Texas,* 465 F. 2d 1342 (5th Cir. 1972); *Wilson v. Pleasant Hill School Dist.,* 465 F. 2d 1366 (8th Cir. 1972).

[2] Nor is there evidence to support petitioner's claim that her dismissal for the reasons given by the Commission entitled her to due process rights because it constituted an attack upon her good name, reputation, honor or integrity. The Commission did not dismiss her for the reason that she wrote and distributed false and defamatory anonymous letters; rather, the stated reasons were that her conduct was unbecoming and seriously disturbed the normal operations of the agency in that she refused to answer any questions or to otherwise aid the agency in its investigation of the source of the anonymous letters. Her opportunity for employment was not impaired because the Commission offered her other employment within the agency but outside the Charlotte office. In *Cafeteria Workers v. McElroy,* 367 U.S. 866, 6 L.Ed. 2d 1230, 81 S.Ct. 1743 (1961), it was held that a cook at a military installation was not entitled to a hearing prior to the withdrawal of her access to the facility since her employer was prepared to employ her at another of its restaurants.

[3] And in the case before us, if, *arguendo,* the petitioner had any property right in her job, by implied tenure or otherwise, she was given adequate notice and an opportunity to be heard before dismissal by the Commission and after dismissal at her request by the State Personnel Board. Generally, due process of law stands for protection against the arbitrary exercise of

the powers of government, and in its procedural aspects, assures adherence to fundamental principles of justice and fair play. *Shaughnessy v. U.S.*, 345 U.S. 206, 97 L.Ed. 956, 73 S.Ct. 625 (1953). The demands of due process are met if there is an opportunity to be heard, upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked. *Anderson Nat. Bank v. Luckett*, 321 U.S. 233, 88 L.Ed. 692, 64 S.Ct. 599 (1944).

[4] Petitioner's contention that her Fifth Amendment protection against self-incrimination was violated because she had the right to remain silent and not answer questions relating to the anonymous letters is without merit. Misconduct on the part of an employee, though not constituting a crime, may justify dismissal. In this case, it appears that the claim of Fifth Amendment privilege arose for the first time in the Superior Court. A litigant may not remain mute in an administrative hearing, await the outcome of the agency decision, and, if it is unfavorable, then attack it on the ground of asserted procedural defects not called to the agency's attention when, if in fact they were defects, they would have been correctible. *First-Citizens Bank and Trust Company v. Camp*, 409 F. 2d 1086 (4th Cir. 1969).

[5] The trial court correctly dismissed the action against the State Personnel Board. The Board is authorized to render only advisory recommendations which are not binding on administrative agencies or the courts and was without power in this case to grant petitioner any relief. G.S. Chap. 126, Art. 1. In *Grissom v. Dept. of Revenue*, 28 N.C. App. 277, 220 S.E. 2d 872 (1976), it was held that an employee was not compelled to appeal to the Personnel Board to exhaust all administrative remedies since the Board had no power but to recommend.

We note that effective 1 February 1976, pursuant to G.S. 126-2, et seq., a State Personnel Commission system is established which provides for due process rights of State employees and also provides that the Administrative Procedure Act, Chapter 150A of the General Statutes of North Carolina, shall apply to hearings before the Personnel Commission. But these statutes do not apply to this case.

We have carefully examined all other assignments of error and find them to be without merit. The judgment of the trial court is

Affirmed.

Judge MARTIN concurs.

Judge VAUGHN dissents.

Judge VAUGHN dissenting.

In my opinion the Superior Court did not have jurisdiction to act on the "Petition" in this case. The appeal should be dismissed.