MARGARET Y. BISHOP, PETITIONER-APPELLEE v. NORTH CAROLINA DEPART-
MENT OF HUMAN RESOURCES, O'BERRY CENTER, RESPONDENT-
APPELLANT

No. 898SC777

(Filed 21 August 1990)

**State § 12 (NCI3d) — dismissal of state employee — procedural violation — back pay and attorney fees**

Although a state agency had just cause to terminate petitioner's employment, its dismissal procedure violated petitioner's due process rights where the final decision to discharge her was made before she was given an opportunity to respond to the charges and those who did the firing did not confer after hearing petitioner's response. An award of back pay to petitioner was authorized by 25 N.C.A.C. 1B .0432(c) since there was in effect no pre-dismissal conference, and an award of attorney fees was authorized by N.C.G.S. § 126-4(11) where back pay was ordered.

**Am Jur 2d, Public Officers and Employees §§ 259, 260, 288, 297.**

APPEAL by respondent from order entered 12 May 1989 by *Judge Herbert O. Phillips, III*, in WAYNE County Superior Court. Heard in the Court of Appeals 18 January 1990.

Before being discharged on 15 October 1986 petitioner was working as a Developmental Technician I at O'Berry Center in Goldsboro and had been a permanent state employee for more than six years. During her employment she had received numerous oral and written warnings for not reporting to work at the times

scheduled and for failing to follow different unit procedures. On 4 October 1986, in violation of written policy, petitioner lit and smoked a cigarette in a patient's bedroom. Doris Bunch, petitioner's supervisor, upon observing the incident, ordered her to extinguish the cigarette and she did so. On 5 October 1986 Bunch, through a subordinate, directed petitioner and two of her co-workers to scour as well as wipe clean the bathtubs of their patients. Petitioner told her superior that scouring the tubs was not a normal duty for those in her job classification and she wiped but did not scour the tubs. Bunch reported petitioner's actions to Cluster 6 Administrator Kenneth R. Lee, who interviewed various officials, conferred with his supervisor, Deputy Division Director Ada K. Melvin, and reviewed petitioner's personnel file, but did not interview petitioner or otherwise seek to obtain her version of the events reported. On 13 October 1986 Lee recommended to Melvin that petitioner be dismissed and Melvin signed an Employee Disciplinary Action Report dismissing petitioner. On that same day Lee wrote and signed a letter to petitioner dismissing her effective 15 October 1986. On 15 October 1986 Lee had Doris Bunch and Nan Horne, the Center's Active Treatment Coordinator, sign the Employee Disciplinary Action Report, and in a meeting with petitioner Lee went over the 13 October 1986 termination letter, which outlined petitioner's prior warnings and counseling and stated that she was being dismissed for smoking in a patient's bedroom on 4 October 1986 and for refusing to clean and scour the bathtubs used by her patients on 5 October 1986 as ordered. Petitioner denied that she smoked in a patient's bedroom on 4 October 1986 and stated that she did not scour the bathtubs on 5 October 1986 because it was not her regular duty and that trouble she had with a patient that day caused her to forget the instruction. In the meeting Lee gave petitioner the termination letter with the attached Disciplinary Action Report. Lee, Horne and Bunch did not confer or deliberate after hearing petitioner's responses and her comments were not added to the Employee Disciplinary Action Report. Lee submitted a memorandum dated 20 October 1986 to Melvin outlining the pre-dismissal conference and petitioner's responses to the allegations against her.

Petitioner's dismissal was appealed to the Office of Administrative Hearings, where the Administrative Law Judge found facts similar to those stated above and concluded that although respondent had just cause to terminate petitioner's employment

its procedure in doing so violated petitioner's due process rights and recommended that the State Personnel Commission award petitioner back pay from 15 October 1986, her termination date, through 19 October 1987, when the appeal was heard. The Full State Personnel Commission adopted the Administrative Law Judge's findings of fact and conclusions that respondent had just cause to terminate petitioner's employment, but rejected the conclusion that petitioner's due process rights had been violated and denied petitioner any relief. In reviewing the final agency decision Judge Herbert O. Phillips, III concluded that respondent had just cause to terminate petitioner's employment, but its dismissal procedures violated her due process rights and awarded petitioner back pay and attorneys fees.

*Eastern Carolina Legal Services, Inc., by Wesley Abney, for petitioner appellee.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General John R. Corne and Associate Attorney General Valerie B. Spalding, for respondent appellant.*

PHILLIPS, Judge.

Respondent appellant does not question any of the foregoing facts upon which the several adjudications are based. Its only contentions are that the trial court erred in concluding that the dismissal procedures violated Bishop's due process rights and in awarding her back pay and attorneys fees. Neither contention has merit in our opinion.

That petitioner had a property interest of continued employment which the Due Process Clause of the United States Constitution protected is not disputed. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 33 L.Ed.2d 548 (1972); *Leiphart v. North Carolina School of the Arts*, 80 N.C. App. 339, 342 S.E.2d 914, *cert. denied*, 318 N.C. 507, 349 S.E.2d 862 (1986). The essential due process requirements for discharging a state employee who has such a property interest have been stated to be that "[t]he tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546, 84 L.Ed.2d 494, 506 (1985). In other cases it has been held that the employee's opportunity to be heard must be meaningful in time and in manner.

*Armstrong v. Manzo*, 380 U.S. 545, 14 L.Ed.2d 62 (1965); *Nantz v. Employment Security Commission*, 28 N.C. App. 626, 222 S.E.2d 474, *aff'd*, 290 N.C. 473, 226 S.E.2d 340 (1976). Here petitioner's opportunity to be heard was not meaningful since the final decision to discharge her was made before she was given an opportunity to respond to the charges and those who did the firing did not confer after her response was made.

The award of back pay to petitioner is authorized by 25 N.C.A.C. 1B .0432 *Remedies for Procedural Violations*, which states that:

> (c) Failure to conduct a pre-dismissal conference shall be deemed a procedural violation. Further, the remedy for this violation shall require that the employee be granted back pay from the date of the dismissal until a date determined appropriate by the commission in light of the purpose of pre-dismissal conferences. Reinstatement shall not be a remedy for lack of a pre-dismissal conference.

Since petitioner had already been dismissed before Lee and the others conferred with her, there was no pre-dismissal conference under the provisions of the rule. Due to a typographical error the trial court inadvertently ordered back pay from *5* October 1986 — rather than from *15* October 1986, when petitioner was dismissed — through 19 October 1987, the date of the hearing before the Administrative Law Judge. Correcting this is a clerical matter. The award of attorneys fees was also proper, since G.S. 126-4(11) authorizes the assessment of reasonable attorneys fees against a state agency in cases where back pay is ordered.

In view of the foregoing petitioner's cross-assignments of error need not be determined.

Affirmed.

Judges EAGLES and ORR concur.