NO. COA13-452

NORTH CAROLINA COURT OF APPEALS

Filed: 21 January 2014

CYNTHIA A. BAILEY,

    Petitioner,

    v.                                Buncombe County
                                       No. 12 CVS 05163

DIVISION OF EMPLOYMENT SECURITY,
NORTH CAROLINA DEPARTMENT OF
COMMERCE,

    Respondent.

Appeal by respondent from order entered 14 January 2013 by Judge C. Philip Ginn in Buncombe County Superior Court. Heard in the Court of Appeals 26 September 2013.

> *Adams Hendon Carson Crow & Saenger, P.A., by John C. Hunter, for petitioner-appellee.*
>
> *North Carolina Department of Commerce, Division of Employment Security, by Timothy M. Melton, for respondent-appellant.*

STEELMAN, Judge.

Where the trial court adopted all of the findings of fact made by DOC, which as a matter of law supported DOC's ruling that petitioner engaged in misconduct, the trial court erred in reversing the decision of DOC.

## I. Factual and Procedural Background

Cynthia A. Bailey (plaintiff) was employed by Pro Temps Medical Staffing (Pro Temps). On 11 December 2011, plaintiff's employment with Pro Temps was terminated. On 1 January 2012, plaintiff filed a claim for unemployment benefits. An Adjudicator found that plaintiff was assigned to monitor a patient who was on suicide watch; that plaintiff was found sleeping on the job; and that plaintiff was discharged due to this misconduct and was disqualified from receiving unemployment benefits. On 2 April 2012, plaintiff appealed *pro se* to the Appeals Referee.

On 1 May 2012, the Appeals Referee heard the appeal. The Appeals Referee affirmed the Adjudicator's determination, and held that plaintiff was discharged due to misconduct, and therefore was disqualified from receiving unemployment benefits. The Appeals Referee further found that while plaintiff was sleeping, the suicide-watch patient had been wandering the halls of the hospital. On 31 May 2012, plaintiff appealed *pro se* to the North Carolina Department of Commerce, Division of Employment Security (DOC).

On 26 September 2012, DOC adopted the facts found by the Appeals Referee, concluded that the Appeals Referee correctly applied the law, and affirmed the decision that plaintiff was disqualified from receiving unemployment benefits. On 26 October

2012, plaintiff filed a petition for judicial review to the Superior Court of Buncombe County.

On 15 January 2013, the trial court entered its order on judicial review, and held that plaintiff was not disqualified to receive unemployment benefits.

DOC appeals.

## II. Standard of Review

"In cases appealed from administrative tribunals, we review questions of law *de novo* and questions of fact under the whole record test." *Diaz v. Div. of Soc. Servs.*, 360 N.C. 384, 386, 628 S.E.2d 1, 2 (2006). A determination that an employee has engaged in misconduct under N.C. Gen. Stat. §§ 96-14 and 96-15 is a conclusion of law. *See e.g. Williams v. Burlington Indus., Inc.*, 318 N.C. 441, 456, 349 S.E.2d 842, 851 (1986) (referring to "the referee's conclusion that petitioner was discharged for misconduct").

> [I]n cases appealed from an administrative tribunal under [Article 3 of North Carolina's Administrative Procedure Act], it is well settled that the trial court's erroneous application of the standard of review does not automatically necessitate remand, provided the appellate court can reasonably determine from the record whether the petitioner's asserted grounds for challenging the agency's final decision warrant reversal or modification of that decision under the applicable provisions of N.C.G.S. § 150B-

51(b).

*N.C. Dep't of Env't & Natural Res. v. Carroll*, 358 N.C. 649, 665, 599 S.E.2d 888, 898 (2004).

> When the issue on appeal is whether a state agency erred in interpreting a statutory term, an appellate court may freely substitute its judgment for that of the agency and employ *de novo* review. Although the interpretation of a statute by an agency created to administer that statute is traditionally accorded some deference by appellate courts, those interpretations are not binding. The weight of such [an interpretation] in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.

*N.C. Sav. & Loan League v. N.C. Credit Union Comm'n*, 302 N.C. 458, 465-66, 276 S.E.2d 404, 410 (1981) (citations and quotations omitted).

## II. Trial Court's Standard of Review

In its first argument, DOC contends that the trial court disregarded the standard of review set out in N.C. Gen. Stat. § 96-15(i). We agree.

N.C. Gen. Stat. § 96-15, concerning the procedure as to claims for unemployment benefits, provides that, in any judicial review of a decision by DOC:

> the findings of fact by the Division, if there

is any competent evidence to support them and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. Such actions and the questions so certified shall be heard in a summary manner and shall be given precedence over all civil cases.

N.C. Gen. Stat. § 96-15(i) (2013).

In the instant case, the Appeals Referee found that:

3. According to the employer's policies and procedures, of which the claimant knew or should have known, if an employee is found to be asleep or giving off the appearance of sleep while he/she is supposed to be performing job duties, then said employee may be subjected to an immediate discharge from employment.

4. On the claimant's final day of employment, she [claimant] was found asleep in a patient's room. The claimant was supposed to be providing sitter duties for said patient.

5. The above-mentioned patient was on "suicide watch" and left the room while the claimant was asleep.

6. A nurse woke up the claimant and informed her [claimant] that the patient she was to be watching over was outside of his room at the nurses' station.

7. The claimant was discharged from this job for sleeping during her work shift while she was supposed to be performing her job duties.

The Appeals Referee concluded that:

the claimant fell asleep while she was supposed to be watching over a patient as a certified nursing assistant/sitter. The

employer's policies allow for an employee to turn down patients and/or shifts if he or she thinks it would not be prudent or possible to perform job duties whether that decision is based on one's comfort level or level of fatigue. The claimant did not turn down providing sitting duties for the above-noted patient during her agreed to work shift. The claimant's actions were a willful disregard of the employer's interests and a disregard of the standards of behavior that the employer rightfully expected of the claimant. As such, the claimant was discharged for misconduct in connection with the work.

On appeal from the Appeals Referee, DOC held that:

As the ultimate fact-finder in cases involving contested claims for unemployment insurance benefits, the undersigned concludes that the facts found by the Appeals Referee were based on competent evidence and adopts them as its own. The undersigned also concludes that the Appeals Referee properly and correctly applied the Employment Security Law (G.S. §96-1 et seq.) to the facts as found, and the resultant decision was in accordance with the law and fact.

On appeal from DOC, the trial court found simply that "There is competent evidence in the record to support the findings of fact made by the Division." However, the trial court then concluded that plaintiff's conduct was not "misconduct" which would merit disqualification, holding:

The Division's conclusion of law as set out in the Memorandum of Law Section of the Division's Decision is in error as a matter of law in that Petitioner's actions were not, "conduct evincing a willful or wanton

> disregard of the employer's interest as is found in the deliberate violations or disregard of standards of behavior which an employer has a right to expect of an employee or has been explained orally or in writing to an employee or conduct evincing carelessness or negligence of such degree or recurrence as to manifest an intentional and substantial disregard of the employer's interest or of the employee's duties or obligations to the employer," and were not, therefore, "misconduct" as that term is defined and used in N.C. Gen. Stat. § 96-14(2).

N.C. Gen. Stat. § 96-14 defines misconduct as:

> intentional acts or omissions evincing disregard of an employer's interest or standards of behavior which the employer has a right to expect or has explained orally or in writing to an employee or evincing carelessness or negligence of such degree as to manifest equal disregard.

N.C. Gen. Stat. § 96-14(2) (2011)[1].

The findings of fact of the Appeals Referee were adopted by DOC, and in turn by the trial court upon appeal. These findings explicitly stated that Pro Temps had a policy that employees found sleeping were subject to immediate discharge, and that employees who believed themselves unable to perform had the option to turn down patients or shifts, and that plaintiff knew or should have

---

[1] N.C. Gen. Stat. § 96-14 was repealed by Session Laws 2013-2, s.2(a), effective 1 July 2013, and replaced by N.C. Gen. Stat. § 96-14.1 *et seq*. However, § 96-14 was effective during the proceedings before the trial court, and we will therefore apply the definition expressed therein.

known about these policies. Further, these findings stated that plaintiff was found sleeping when she had been assigned to a patient on suicide watch, having chosen not to turn down the shift. These findings all support the conclusion that plaintiff had engaged in misconduct, and do not support a conclusion to the contrary.

Nonetheless, the trial court, despite adopting these findings in their entirety, concluded that no misconduct had occurred. Its conclusion is in direct contradiction to the findings it adopted, and is therefore without a basis in the law.

We hold that the trial court erred as a matter of law in making conclusions of law which were not supported by its findings of fact, and reverse and remand this matter to the trial court for entry of an order affirming the decision of DOC.

### III. Other Arguments

Because we have held that the trial court erred as a matter of law in reversing the decision of DOC, we need not address DOC's other arguments.

REVERSED AND REMANDED.

Judges HUNTER, ROBERT C. and BRYANT concur.