DILLON, Judge.
*329 Jacqueline M. Jackson ("Petitioner") was discharged from her employment with Golden Age of Lexington, Inc. ("Employer"). The Board of Review at the North Carolina Department of Commerce, Division of Employment Security ("Division") determined that Petitioner was disqualified to receive unemployment benefits. On appeal, the superior court reversed the Board of Review's decision and held that Petitioner was not disqualified to receive unemployment benefits. Employer and the Division (hereafter "Appellants") appeal the superior court's order. For the following reasons, we reverse the superior court's order.
I. Background
Employer operates a nursing facility. Petitioner worked for Employer as a certified nursing assistant. In August 2013, Employer terminated Petitioner's employment because she failed to report to Employer a "patient fall" which had occurred the prior week.
Petitioner filed for unemployment benefits. An adjudicator inside the Division ruled that Petitioner was not qualified to receive unemployment benefits because she had been "discharged for misconduct connected with the work." Petitioner appealed this decision to an appeals referee within the Division.
Following a hearing in which evidence was taken, the appeals referee entered a decision agreeing with the adjudicator's determination that Petitioner was not eligible to receive benefits. Petitioner appealed to the Division's Board of Review. The Board of Review affirmed the appeals referee's decision that Petitioner was disqualified for unemployment benefits. Petitioner filed a petition in superior court for judicial review of the Board of Review's decision.
*689 Following a hearing on the matter, the superior court reversed the Board of Review's decision and held that Petitioner was entitled to benefits. Specifically, the superior court held that there was no competent evidence at the initial hearing before the adjudicator that a patient had, in fact, fallen during Petitioner's watch. Appellants filed notice of appeal from the superior court's order.
II. Analysis
Employer contends that Petitioner is ineligible for unemployment benefits because she was discharged for cause. Employer contends that Petitioner was discharged for failing to report that a patient had fallen *330 out of her wheelchair as required by Employer's policies. (A nurse or other attendant is required to report any patient fall so that the patient can be evaluated by a doctor.)
Petitioner claims that she was not required to file a report because the patient in question did not fall from her wheelchair but had merely slumped in the wheelchair, as she testified before the adjudicator. Petitioner contends-and the superior court agreed-that Employer failed to produce any competent evidence before the appeals referee that the patient had, in fact, fallen. Rather, Petitioner contends that the only evidence before the appeals referee that a fall had occurred was offered in the form of incompetent hearsay. Specifically, Employer offered the written statement of another nurse, Ms. Hyatt, that the patient was on the floor when Petitioner called her into the patient's room to assist her.
A. Waiver of objection
Appellants argue, inter alia, that Petitioner failed to preserve any challenge to the consideration by the fact finder of Ms. Hyatt's written statement by failing to object to its introduction at the hearing before the appeals referee. We agree.
Our Supreme Court has stated that hearsay evidence which is not properly objected to "is entitled to be considered for whatever probative value it may have." Quick v. United Ben. Life Ins., 287 N.C. 47, 59, 213 S.E.2d 563, 570 (1975). See also Skipper v. Yow, 249 N.C. 49, 56, 105 S.E.2d 205, 210 (1958) ; State v. Bryant, 235 N.C. 420, 423, 70 S.E.2d 186, 188 (1952) ; In re Dunston, 12 N.C.App. 33, 34, 182 S.E.2d 9, 9 (1971). And a factual determination by a fact finder can be sustained even where the only evidence offered to prove the fact is hearsay which was not objected to. See Quick, supra ; Skipper, supra .
In matters appealed to the superior court from the Division, the findings of fact made by the Division "shall be conclusive and binding [on the superior court where] ... supported by competent evidence." N.C. Gen.Stat. § 96-4(q) (2013).[1]
Here, Ms. Hyatt's testimony is relevant in this case because it tends to show that the patient under Petitioner's care did, in fact, fall from *331 her wheelchair. At the hearing before the appeals referee, Employer introduced the substance of Ms. Hyatt's testimony through her written statement rather than by calling her as a witness. The appeals referee gave Petitioner's attorney opportunities throughout the course of the hearing to object to the introduction of Ms. Hyatt's written statement, and Petitioner could have done so on the basis that she should be afforded the opportunity to confront the witness. She was expressly asked by the referee whether there was any objection to Ms. Hyatt's statement being allowed into evidence, to which she responded, "No." Ms. Hyatt's statement was made part of the evidentiary record as an exhibit, "for whatever evidentiary value they may hold[,]" over no objection from Petitioner. Also, when the referee questioned Petitioner based on Ms. Hyatt's statements, Petitioner raised no objection. Accordingly, we hold that the appeals *690 referee properly considered Ms. Hyatt's testimony offered in the form of her written statement. See Nantz v. Emp't Sec. Comm'n, 28 N.C.App. 626, 630, 222 S.E.2d 474, 477 (holding that "[a] litigant may not remain mute in an administrative hearing, await the outcome of the agency decision, and, if it is unfavorable, then attack it on the ground of asserted procedural defects not called to the agency's attention when, if in fact they were defects, they would have been correctible"), affirmed by 290 N.C. 473, 226 S.E.2d 340 (1976).
Petitioner argues that she did object to Ms. Hyatt's statement by raising hearsay arguments on appeal from the appeals referee's decision to the Board of Review[2] and on appeal before the superior court. Here, the Board of Review and superior court were acting as reviewing courts. N.C. Gen.Stat. § 96-15(e) permits the Board of Review to "affirm, modify, or set aside any decision of an appeals referee" and to "make a decision on the basis of the evidence previously submitted in such case, or direct the taking of additional evidence[.]" In Nantz, the petitioner failed to object during the evidentiary phase of the matter and therefore waived appellate review. 28 N.C.App. at 630, 222 S.E.2d at 477. Likewise, *332 here, the only evidence was taken before the appeals referee. The Board of Review decided the issue based on the evidentiary record before it without taking "additional evidence" and the superior court "heard the argument of the parties, examined the Record on Appeal and review the evidence therein contained." Therefore, the only time at which Petitioner could have raised a hearsay argument, so that the error could be corrected, was before the appeals referee when all the evidence in this matter was collected.
Petitioner further argues that she preserved her hearsay argument at the hearing before the referee because she argued that Employer had not met his burden and the only competent evidence before the referee was Petitioner's testimony. However, Petitioner never objected specifically to the introduction of Ms. Hyatt's statement when it was being introduced, and, therefore, Ms. Hyatt's statement became competent evidence upon which the appeals referee could base a decision.
Petitioner also argues that her objection was preserved because objections based on questions presented by the appeals referee are automatically preserved pursuant to N.C. Gen.Stat. § 1A-1, Rule 46(a)(3).[3] We note that Rule 46 could be applicable to the appeals referee's questioning of Petitioner regarding the content in Ms. Hyatt's statements. However, Rule 46 does not preserve any objection to the introduction of the statement itself.
B. Termination for misconduct
"In cases appealed from administrative tribunals, we review questions of law de novo and questions of fact under the whole record test." Diaz v. Div. of Soc. Servs., 360 N.C. 384, 386, 628 S.E.2d 1, 2 (2006). "A determination that an employee has engaged in misconduct under [ N.C. Gen.Stat. § 96-14.6 ] is a conclusion of law." Bailey v. Div. of Empl.
*691 Sec., ---N.C.App. ----, ----, 753 S.E.2d 219, 221 (2014).
A claimant is presumed to be entitled to unemployment benefits, but this is a rebuttable presumption, with the burden on the employer to show circumstances which would disqualify the claimant. Intercraft Indus. Corp v. Morrison, 305 N.C. 373, 376, 289 S.E.2d 357, 359 (1982). An individual can be disqualified for employment benefits if they are determined to be terminated from employment for "misconduct connected *333 with the work." N.C. Gen.Stat. § 96-14.6(a)(2013). "Misconduct" is defined as follows:
(1) Conduct evincing a willful or wanton disregard of the employer's interest as is found in deliberate violation or disregard of standards of behavior that the employer has the right to expect of an employee or has explained orally or in writing to an employee.
(2) Conduct evincing carelessness or negligence of such degree or recurrence as to manifest an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer.
N.C. Gen.Stat. § 96-14.6(b).[4] The employer has the burden of showing the employee's disqualification from unemployment benefits on the basis of misconduct. Lynch v. PPG Indus., 105 N.C.App. 223, 225, 412 S.E.2d 163, 165 (1992).
The Board of Review determined that Petitioner was disqualified from receiving unemployment benefits because she was discharged from employment as a nursing assistant for work-related "misconduct," namely that she failed to report to a supervising nurse when a resident under her care fell and suffered a broken ankle. The trial court stated that only hearsay evidence supported the Board of Review's findings of fact concerning the fall and that, without these findings, the Board of Review's conclusion denying Petitioner unemployment benefits could not be sustained:
3. Claimant was discharged from this job for failing to report a fall by a resident.
....
7. At approximately 7 p.m., [the resident] had bruising and swelling on her right ankle and foot. The employer thought the resident had merely bumped her foot on something. However, as the employer began to ask questions of staff, she learned the resident had fallen while in the care of the claimant. Tabitha Hyatt, another certified nursing assistant had assisted the claimant with placing the resident back into her wheelchair. Ms. Hyatt wrote *334 a statement for the employer which stated in pertinent part: that as she was walking up the hall, the claimant approached her and asked her for her help. Ms. Hyatt and the claimant walked to room 200. The resident was in the bathroom and the claimant asked Ms. Hyatt to help her get the resident up. The resident was on the floor when Ms. Hyatt entered the room. A copy of Ms. Hyatt's statement in its entirety is a part of the record and marked Commission exhibit 3H.
....
10. The resident's slip, even by claimant's explanation that she required assistant to put the resident back in her chair required reporting to the employer. The claimant was concerned about injury to the resident because she asked the resident if she was ok and noted that the resident did not complain of pain.
Ms. Hyatt's statement says that she observed the resident on the floor. Ms. Dunaway testified for Employer that the resident was in Petitioner's care at the time of the incident and Petitioner never reported the fall to Employer. The unchallenged findings further state that it was Employer's policy that required all residents "to be assessed by a nurse prior to being picked up from the floor after a fall[;]" that "an employee may be discharged immediately when his presence or conduct constitutes a significant problem or when his conduct is detrimental to the ... residents[;]" and that "any ... physical *692 abuse to residents ... will result in dismissal on the first offense [.]" Petitioner waived any hearsay objections to Ms. Hyatt's statement and Ms. Hyatt's statement, along with corroborating testimony from Ms. Holloway, support the contested Board of Review's findings. We hold that these findings support the Board of Review's determination that Employer met its burden to show that Petitioner was discharged from her employment for "misconduct" and was properly denied benefits pursuant to N.C. Gen.Stat. § 96-14.6.
III. Conclusion
For the foregoing reasons, we reverse the trial court's order overruling the Board of Review's determination that Petitioner was discharged from her employment for misconduct related to her employment and thereby disqualified for unemployment benefits.
REVERSED.
Judges ELMORE and GEER concur.
Report per Rule 30(e).

We note that Employment Security Commission Regulations state that in hearings before an appeals referee, "the rules of evidence do not apply," however, the appeals referee shall consider factors such as "the right of the party against whom the evidence is offered to confront the witness against [her]." ESC Regulation No. 14.18(I). As to these rules, we further note that pursuant to 2011 N.C. Sess. Laws 401, effective 1 November 2011, the Employment Security Commission of North Carolina became the Division of Employment Security within the North Carolina Department of Commerce.

Petitioner's brief from before the Board of Review was not initially included in the record on appeal filed in this Court. However, Appellant's brief stated (1) that Petitioner did not object at the administrative hearing or at any point prior to her judicial appeal and (2) that it was too late for her to raise her hearsay arguments upon appeal to the superior court. On 20 January 2015, Petitioner filed a N.C. R.App. P. 9(b)(5) supplement to the printed record on appeal to include her brief filed with the Board of Review. On 18 February 2015, Appellants moved to strike Petitioner's Rule 9(b)(5) supplement to the printed record, arguing that it was not filed with or before the Superior Court when it made its decision and pursuant to Rule 9(a)(2)(d) & (e) and Rule 9(b)(5) cannot be included in the record on appeal to this Court. However, as it was supplemented to the record in direct response to Appellants' waiver argument, we consider Appellee's brief before the Board of Review, pursuant to N.C. R.App. P. 2 and deny Appellant's motion to strike.

Rule 46(a)(3) states that "[n]o objections are necessary with respect to questions propounded to a witness by the court or a juror but it shall be deemed that each such question has been properly objected to and that the objection has been overruled and that an exception has been taken to the ruling of the court by all parties to the action." N.C. Gen.Stat. § 1A-1, Rule 46(a)(3) (2013).

What constituted "misconduct" was previously defined in N.C. Gen.Stat. § 96-14. However, this statute was repealed by Session Laws 2013-2, s.2(a), effective 1 July 2013, and replaced by N.C. Gen.Stat. § 96-14.1 et seq.