Darnell v. Dept. of Transportation

JAMES L. DARNELL, Petitioner v. NORTH CAROLINA DEPART-
MENT OF TRANSPORTATION AND HIGHWAY SAFETY;
NORTH CAROLINA STATE HIGHWAY PATROL

No. 7610SC170

(Filed 4 August 1976)

**Administrative Law § 5; Master and Servant § 10— dismissed highway
patrolman — review of administrative decision improper**

Since petitioner, a dismissed highway patrolman, had no consti-
tutional right to a hearing before the respondent agencies prior to
his dismissal, the superior court had no jurisdiction to review the
action taken by respondents in dismissing petitioner and should have
dismissed this action.

APPEAL by respondents from *Bailey, Judge.* Judgment en-
tered 16 December 1975 in Superior Court, WAKE County. Heard
in the Court of Appeals 27 May 1976.

This action originated from the 30 October 1973 suspension
of James L. Darnell from the State Highway Patrol. Mr. Darnell
was suspended for his conduct on the night of 29 October 1973
which resulted in a criminal warrant being issued on 31 October
charging him with felonious larceny.

On 11 December 1973 Mr. Darnell submitted a written
notice of appeal to the Department of Motor Vehicles. On 13
December 1973 Lieutenant Colonel E. W. Jones responded and
notified Mr. Darnell that the Secretary of the Department of
Transportation had been conferred with and that the Secretary
concurred in the suspension.

Darnell's criminal case was called for trial on 20 January
1975 and was nonsuited on 21 January 1975. On 27 February
1975 Darnell filed a petition under the provisions of G.S.
143-307 et seq. to have the Court review the action of the De-
partment of Transportation and Highway Safety and the State
Highway Patrol.

Darnell alleged in his petition that he was discharged from
the Highway Patrol for violation of General Order 20, Sub-
section 4a, Section 10a and 10b of the Policies and Procedures
Manual of the State Highway Patrol which is published under
the authority of G.S. 20-187. Darnell further alleged that the
provisions under which he was suspended were unconstitution-
ally vague.

Darnell v. Dept. of Transportation

It was asserted in his petition that Darnell had been discharged because he had been charged with felonious larceny "and the attendant publicity, over which the Petitioner had no control was a source of embarrassment for the Respondents." Darnell further asserted that there was no basis for the charges against him, and that he was not guilty of the conduct violative of General Order 20.

On 5 March 1975 respondent agencies filed a motion to dismiss alleging that the petitioner failed to comply with the G.S. 143-309 requirement that petitions for review be filed within 30 days after a written copy of the decision is served upon the person seeking review.

The matter was heard before Judge Sammie Chess on 22 April 1975. Judge Chess held that "the provisions of G.S. 143-309 relied on by the respondent as grounds for dismissal are invalid due to respondents' failure to comply with the provisions thereof relevant to service of the order of dismissal by the administrative agency." Judge Chess ordered that petitioner be granted an administrative hearing pursuant to Article 33 of Chapter 143 of the General Statutes.

On 30 April 1975 respondents answered Darnell's petition and denied his allegations and prayed that the petition be dismissed.

A hearing was held in Cumberland County before Hargett T. Kinard, Assistant Secretary, North Carolina Department of Transportation. The evidence at the hearing, in essence, tended to establish that on the night of 29 October 1973 Tom E. Smith, a friend of petitioner's, came to petitioner's home driving a truck loaded with building supplies. Smith told Darnell that he had been drinking and that he had limited driving privileges and that he could not legally drive "with the odor of intoxicating beverage on his breath." Smith asked Darnell to drive him home because the truck was heavily loaded in the rear and was subject to swerve if the building supplies shifted positions. Darnell saw no indications from Smith's conduct that he was under the influence of alcohol, and he consented to drive the truck for Smith.

Deputy Sheriff Lonnie Hubbard stopped the truck and inquired of Darnell as to whom the building materials belonged. Darnell replied that the materials belonged to Smith and then

identified himself as a highway patrolman. Hubbard allowed Darnell to continue and he drove Smith home, helped unload the truck, and then rode back to his house in Smith's car.

Deputy Sheriff Hubbard later discovered that building materials were missing from an apartment construction site, and he reported the larceny to the Sheriff's Department for investigation. At 1:30 a.m. Sergeant McCullen of the Highway Patrol called Darnell at his home and asked him to voluntarily come to the Sheriff's office. After consulting with his attorney, Darnell made a statement proclaiming his innocence of the larceny. Darnell told the authorities that there were more building materials in his yard which Smith probably placed there. Darnell was immediately suspended from his duties as a State Patrolman.

Smith testified at the hearing that he pled guilty of larceny and that Darnell in no way participated in the theft.

The Secretary of Transportation affirmed the action of the Commander of the State Highway Patrol in permanently suspending James L. Darnell. The Secretary concluded (1) that Darnell operated a truck belonging to Tom E. Smith loaded with stolen building supplies; (2) that Darnell used his position as a State Highway Patrolman to divert Deputy Hubbard's inquiries regarding stolen building material being transported by him and Tom Smith; (3) that Darnell knowingly permitted Tom Smith to operate a motor vehicle in violation of the Motor Vehicles Laws; and (4) that Darnell caused embarrassment and grave damage to the image of the State Highway Patrol.

Petitioner appealed the Secretary's decision to superior court. Upon a hearing in superior court the Secretary's order was reversed and petitioner was ordered reinstated. The trial judge concluded that the provisions of General Order 20 for which petitioner was suspended for violating were unconstitutionally vague. The trial judge further concluded that the Secretary's conclusions did not provide a proper basis for petitioner's discharge, and that the evidence in the record regarding petitioner's knowingly possessing stolen goods, aiding and abetting a theft, knowingly permitting violation of Motor Vehicles Laws, and causing embarrassment to the State Patrol was not material or substantial. Respondents appealed to this Court from the trial court's order granting reinstatement.

Darnell v. Dept. of Transportation

*Smith, Geimer & Glusman, P.A., by William S. Geimer, for petitioner appellee.*

*Attorney General Edmisten, by Special Deputy Attorney General William W. Melvin, for respondent appellant.*

ARNOLD, Judge.

This proceeding began when petitioner sought judicial review, under Article 33 of Chapter 143 of the General Statutes, of action by the respondent agencies in discharging him as a member of the State Highway Patrol. Petitioner does not contend that any of his constitutional rights have been violated, but that certain regulations of the Policies and Procedures Manual of the State Highway Patrol in effect in 1971 were unconstitutionally vague. He also contends that respondents had no basis to discharge him.

Petitioner is not a public official elected for a specific term. He is not under contract with respondents to work for any specified duration, and he has no constitutional right to continue employment as a member of the Highway Patrol. See *Bishop v. Wood,* _____ U.S. _____, _ S.Ct. __ (decided 10 June 1976) ; *Slochower v. Board of Ed. of N. Y.,* 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692 (1956) ; *Still v. Lance,* 279 N.C. 254, 182 S.E. 2d 403 (1971). Moreover, no statute in North Carolina confers upon this petitioner tenure "or the right to judicial review of an administrative action terminating the employment." *Nantz v. Employment Security Comm.,* 290 N.C. 473, 226 S.E. 2d 340 (1976).

Article 33 of Chapter 143 of the General Statutes, entitled "Judicial Review of Decisions of Certain Administrative Agencies," in effect at the time petitioner began this action [subsequently repealed effective 1 February 1976] defines "administrative decision" to mean "any decision, order or determination rendered by an administrative agency in a proceeding in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an opportunity for agency hearing." In the recent case of *Nantz v. Employment Security Comm., supra,* the North Carolina Supreme Court said that it was clear that this statute "does not contemplate judicial review of a simple administrative action such as the [among others] . . . discharge of an employee, but contemplates a determination of rights and duties

of persons . . . subject to the regulatory authority of the agency. Thus, unless the petitioner had a constitutional right to an agency hearing prior to her dismissal, the action of the Employment Security Commission in discharging her was not subject to judicial review and its motion to dismiss should have been allowed by the Superior Court."

In the instant case petitioner had no constitutional right to a hearing before the respondent agencies prior to his dismissal. The superior court had no jurisdiction to review the action taken by respondents in discharging petitioner and should have dismissed this action.

Judgment of the Superior Court is hereby vacated and the appeal is

Dismissed.

Judges PARKER and HEDRICK concur.