JOSEPH S. GRISSOM v. NORTH CAROLINA DEPARTMENT OF REVENUE

No. 7710SC1

(Filed 2 November 1977)

**Administrative Law § 5; Appeal and Error § 4— dismissal of State employee— judicial review—jurisdiction—change of theory on appeal**

> A petitioner who contended in the superior court that such court had jurisdiction under G.S. 143-314 to review his dismissal without a hearing as an employee of a State agency may not contend in the appellate court that the superior court had jurisdiction under G.S. 7A-240 on the ground that he was dismissed because he exercised his constitutional rights of freedom of speech and association, since an appeal has to follow the theory at trial.

APPEAL by petitioner from *McLelland, Judge.* Order entered 16 September 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 26 September 1977.

*Blanchard, Tucker, Twiggs & Denson, by Howard F. Twiggs, and R. James Lore, for petitioner appellant.*

*Tharrington, Smith & Hargrove, by J. Harold Tharrington, for respondent appellee.*

ARNOLD, Judge.

In December 1974, the appellant petitioned Superior Court of Wake County for an order, pursuant to G.S. 143-312, to stay the decision of the Department of Revenue (the Department) terminating petitioner's employment, and for judicial review of the Department's decision pursuant to G.S. 143-314.

In May 1975, Judge Brewer of Superior Court, Wake County, dismissed the action on the grounds that the petitioner was not entitled to judicial review since he had not exhausted his administrative remedies. In *Grissom v. Dept. of Revenue*, 28 N.C. App. 277, 220 S.E. 2d 872, cert. denied 289 N.C. 613, 223 S.E. 2d 391 (1976), this Court reversed that order, holding that petitioner was not required, before seeking judicial review, to appeal to the State Personnel Board which could only render an advisory recommendation and which could not grant petitioner the reinstatement he sought. The matter was remanded to Superior Court for judicial review. Before the Superior Court could review petitioner's dismissal, the Supreme Court of North Carolina decided the case of *Nantz v. Employment Security Commission*, 290 N.C. 473, 226 S.E. 2d 340 (1976), which held that, since, under then existing law, employment by the State does not *ipso facto* confer a property right in the position, petitioner was not deprived of due process of law when she was dismissed without a hearing; and that, since Article 33, Chapter 143 of the General Statutes does not provide for judicial review of such an administrative action as discharging an employee, the employee is not entitled, unless it is a matter of constitutional right, to an agency hearing prior to being discharged. This Court followed that decision in *Darnell v. Department of Transportation*, 30 N.C. App. 328, 226 S.E. 2d 879, cert. denied 290 N.C. 776, 229 S.E. 2d 32 (1976). Upon remand the superior court based its findings on the *Darnell* decision and concluded that petitioner Grissom did not have a constitutional right to a hearing, and that he was not entitled to judicial review of the termination of his employment.

Petitioner argues on appeal that, since his petition may also be construed as a complaint and since he has alleged facts to show that he was dismissed solely because he exercised his constitutional rights of freedom of speech and freedom of association under the First and Fourteenth Amendments, the trial court erred in concluding that it did not have jurisdiction. He argues, therefore, that he did have a constitutional right to a hearing and judicial review, and that the superior court had original subject matter jurisdiction pursuant to G.S. 7A-240.

According to the record, petitioner did not make this argument before the trial court in response to the Department's motion to dismiss. Instead, petitioner continued to rely upon jurisdiction which he specifically alleged was under G.S. 143-314, but which was defeated by *Nantz*. Petitioner may not now elect to argue a new theory on appeal.

Whether the facts alleged in the petition will support the theory now argued by petitioner is not before us. An appeal has to follow the theory of the trial, and where a cause is heard on one theory at trial, appellant cannot switch to a different theory on appeal. *See Lawson v. Benton*, 272 N.C. 627, 158 S.E. 2d 805 (1968); and *Leffew v. Orrell*, 7 N.C. App. 333, 336-37, 172 S.E. 2d 243, 245-46 (1970), where this Court said, "[f]urthermore, when a case has been tried in the trial court on a particular theory, a litigant may not switch theories when he gets to the appellate court. 1 McIntosh, N.C. Practice and Procedure § 999(4)(5) . . . ."

Having asserted jurisdiction in Superior Court pursuant to G.S. 143-314 petitioner may not now contend in the Court of Appeals that the Superior Court had jurisdiction under a totally different theory.

Affirmed.

Chief Judge BROCK and Judge PARKER concur.