STATE OF NORTH CAROLINA
v.
JEANNE SUTCLIFF.
No. COA06-442.
North Carolina Court of Appeals
Filed February 20, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Donna D. Smith, for the State.
James F. Rutherford and Bruce A. Mason, for the defendant-appellant.
WYNN, Judge.
Defendant Jeanne Sutcliff appeals from criminal convictions of misdemeanor possession of marijuana, felony possession of cocaine, and the felony of intentionally maintaining a dwelling for the purpose of keeping or selling controlled substances. After careful review of her arguments on appeal, we conclude that her arguments are without merit and accordingly uphold her convictions.
At trial, the bulk of the State's evidence concerned items found during a search on 29 January 2003 of a residence on Country Club Road in Hampstead, North Carolina, executed by the Pender County Sheriff's Department pursuant to a warrant. The State also presented evidence concerning "controlled" drug buys at that residence, in which an informant working for the Sheriff's Department purchased drugs in the house from Defendant's husband. Narcotics agent Jeffrey Grant of the Pender County Sheriff's Department testified for the State concerning what and whom a confidential informant for the police had seen when he went to the residence to purchase drugs. Additionally, State Bureau of Investigation (SBI) Special Agent Robert W. Evans testified for the State as a forensic chemistry expert witness and outlined the tests performed on and conclusions reached regarding the substances found at the residence.
At the conclusion of the trial, the jury returned verdicts finding Defendant guilty of possession of marijuana, guilty of possession of cocaine, and guilty of intentionally maintaining a dwelling for the purpose of keeping or selling controlled substances. The trial court sentenced Defendant to six to eight months imprisonment and then suspended the sentence, placing Defendant on supervised probation for twenty-four months, with provisions for testing for use of controlled substances, as well as a requirement to complete two hundred hours of community service in the first year of her probation.
Defendant appeals that judgment, arguing that the trial court committed reversible error by (I) allowing SBI Agent Evans to testify regarding a SBI laboratory report prepared by a non-testifying SBI agent, and admitting the report into evidence; (II) denying Defendant's motion to dismiss the charge of felony maintaining a dwelling for the keeping of a controlled substance, and, (III) allowing the introduction of an out-of-court statement by a non-testifying governmental informant.

I.
Defendant contends on appeal the trial court erred by allowing SBI Agent Evans to testify as to the opinion of a non-testifying SBI agent; admitting an SBI laboratory report prepared by a non-testifying SBI agent; and, allowing SBI Agent Evans to testify as to his opinions based solely on the SBI laboratory results and notes prepared by a non-testifying SBI agent. In essence, Defendant challenges the allegedly improper testimony of SBI Agent Evans as to the testing and identification of the substances found at the Country Club Road residence. Defendant argues that this testimony violated her right of confrontation under the Sixth Amendment's Confrontation Clause and the United States Supreme Court's decision in Crawford v. Washington, 541 U.S. 36, 158 L. Ed. 2d 177 (2004), because she did not have the opportunity to cross-examine the SBI agent who actually performed the tests in question. We disagree.
Preliminarily, we note that our State Supreme Court has consistently held that "[c]onstitutional issues not raised and passed upon at trial will not be considered for the first time on appeal." State v. Lloyd, 354 N.C. 76, 86-87, 552 S.E.2d 596, 607 (2001). Moreover, to preserve a question for appellate review, our appellate rules require a party to "have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R. App.P. 10(b)(1). Nevertheless, a criminal defendant may still trigger appellate review of an issue not so preserved by assigning plain error to the trial court's action in her brief and arguments to this Court. N.C. R. App. P. 10(c)(4). However, because "[t]he plain error rule applies only in truly exceptional cases," the "bare assertion" of plain error in an assignment of error, without accompanying explanation, analysis, or specific contentions in a defendant's brief, is insufficient to show plain error. State v. Cummings, 352 N.C. 600, 636-37, 536 S.E.2d 36, 60-61 (2000), cert. denied, 532 U.S. 997, 149 L. Ed. 2d 641 (2001).
Here, Defendant objected at trial at only one point during the testimony of SBI Agent Evans, when he was asked by the prosecutor what the opinion of the non-testifying SBI agent was as to the nature of one of the substances seized at the Country Club Road residence. Defense counsel objected to the question as hearsay, and the trial court overruled the objection.[1] Defense counsel cited no constitutional basis for the objection and made no motions to that effect. Additionally, Defendant makes no reference to hearsay in her brief or arguments to this Court, only to her right of confrontation. See N.C. R. App. P. 28(b)(6) ("Assignments of error . . . in support of which no reason or argument is stated or authority is cited, will be taken as abandoned."). Given that "[a]n appeal has to follow the theory of the trial, and where a cause is heard on one theory at trial, appellant cannot switch to a different theory on appeal," Grissom v. Dept. of Revenue, 34 N.C. App. 381, 383, 238 S.E.2d 311, 312-13 (1977), disc. review denied, 294 N.C. 183, 241 S.E.2d 517 (1978), we find that Defendant has failed to preserve these constitutional questions for appellate review, and has abandoned her argument as to hearsay.
Furthermore, Defendant alleges plain error in only one of her assignments of error, namely, the one concerning the admission of the SBI laboratory report prepared by a non-testifying agent. But, plain error is not argued anywhere in her brief, either with respect to the laboratory report or to her arguments concerning the testimony of SBI Agent Evans. Without any such argument from Defendant, we are not persuaded that "the claimed error is so fundamental, so basic, so prejudicial, or so lacking in its elements that absent the error the jury probably would have reached a different verdict." State v. Fleming, 350 N.C. 109, 132, 512 S.E.2d 720, 736, cert. denied, 528 U.S. 941, 145 L. Ed. 2d 274 (1999).
For the foregoing reasons, Defendant's assignments of error as to the testimony of SBI Agent Evans and the admission of the laboratory report are overruled.

II.
Defendant next argues that the trial court erred by denying her motions to dismiss the charge of maintaining and keeping a dwelling used for keeping or selling a controlled substance under North Carolina General Statute § 90-108(a)(7), made at the close of the State's evidence and all the evidence. Defendant specifically contends that the State failed to present sufficient evidence to prove that she kept or maintained the Country Club Road residence where the drugs were found. We disagree.
"When a defendant moves to dismiss a charge against him on the ground of insufficiency of the evidence, the trial court must determine whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." State v. Garcia, 358 N.C. 382, 412, 597 S.E.2d 724, 746 (2004) (citation and quotations omitted), cert. denied, 543 U.S. 1156, 161 L. Ed. 2d 122 (2005) . "Substantial evidence" is defined as "relevant evidence that a reasonable person might accept as adequate, or would consider necessary to support a particular conclusion." Id. at 412, 597 S.E.2d at 746 (citations omitted). Moreover, "[c]ircumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence." State v. Fritsch, 351 N.C. 373, 379, 526 S.E.2d 451, 455 (citation and quotation omitted), cert. denied, 531 U.S. 890, 148 L. Ed. 2d 150 (2000). Such evidence "must be taken in the light most favorable to the state . . . [which is] entitled to all reasonable inferences that may be drawn from the evidence." State v. Sumpter, 318 N.C. 102, 107, 347 S.E.2d 396, 399 (1986).
At trial, the State presented evidence that Defendant was present when the police executed the search warrant on the Country Club Road residence; the vehicle that she usually drove was at the residence during the search; she was present when the confidential informant made at least one controlled drug buy at the residence; a payroll stub with Defendant's name was found in the master bedroom; and feminine hygiene products and electrical hair rollers were found in the bathroom. Additionally, Defendant's three children testified on her behalf and responded affirmatively to defense counsel's questions about Defendant's son's "mom and dad's bedroom," about Defendant's daughter's "living at [her] mom and dad's" and "[her] parents' room," and elicited an answer from Defendant's other daughter about "[her] mom's bathroom." One of Defendant's daughters also testified about seeing the confidential informant at the house, talking to her father while her mother "was cooking dinner" in the kitchen.
Taken together, we find this to be substantial evidence, sufficient for a reasonable jury to conclude that Defendant kept or maintained the Country Club Road residence. See State v. Rich, 87 N.C. App. 380, 384, 361 S.E.2d 321, 324 (1987) (upholding a conviction for maintaining a dwelling used for the keeping or selling of controlled substances based on evidence showing that the defendant cooked dinner and resided in the house where the drugs were found). Accordingly, this assignment of error is overruled.

III.
Lastly, Defendant argues that the trial court committed error by allowing narcotics agent Jeffrey Grant of the Pender County Sheriff's Department to testify for the State concerning what and whom a confidential informant for the police had seen when he went to the residence to purchase drugs. We disagree.
Defendant contends that the testimony should not have been admitted because it was hearsay, and also violated her right to confrontation under the Confrontation Clause and Crawford. At trial, defense counsel objected twice during the State's redirect examination of Agent Grant following questions concerning the confidential informant. Contrary to her assertions in her brief to this Court, defense counsel did not state the grounds for his objection in either instance. The first was sustained by the trial court, then an off-the-record bench conference was held between the trial judge and attorneys. Questioning then resumed, and when defense counsel again objected to a question as to whom the confidential informant saw when making his controlled drug buys, the trial court overruled the objection.
First, because Defendant failed at trial to raise the constitutional issue of her right to confrontation with respect to the confidential informant, we find that she has failed to preserve that argument on appeal. See Lloyd, 354 N.C. at 86-87, 552 S.E.2d at 607 ("Constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal.").
Moreover, because defense counsel did not specify the grounds for the objection at trial, Defendant has likewise failed to preserve her hearsay argument for appellate review. See N.C. R. App. P. 10(b)(1). However, even assuming arguendo that the grounds were apparent from the context of the State's questions and defense counsel's objections at trial, we find this argument to be without merit.
Under the North Carolina Rules of Evidence, "[o]ut-of-court statements that are offered for purposes other than to prove the truth of the matter asserted are not considered hearsay." State v. Gainey, 355 N.C. 73, 87, 558 S.E.2d 463, 473, cert. denied, 537 U.S. 896, 154 L. Ed. 2d 165 (2002); see also N.C. Gen. Stat. § 8C-1, Rule 801(c) (2005). "Specifically, statements are not hearsay if they are made to explain the subsequent conduct of the person to whom the statement was directed." Gainey, 355 N.C. at 87, 558 S.E.2d at 473.
Here, the prosecutor's question concerning what the confidential informant told Agent Grant came in the context of establishing why Defendant's name was included on the search warrant for the Country Club Road residence. As such, the testimony was properly offered to explain Agent Grant's actions in applying and obtaining a warrant for Defendant, her husband, and the Country Club Road residence, rather than for the truth of the matter asserted. This assignment of error is accordingly overruled.
In sum, we uphold Defendant's convictions for misdemeanor possession of marijuana, felony possession of cocaine, and the felony of intentionally maintaining a dwelling for the purpose of keeping or selling controlled substances .
No error.
Judges HUNTER and STEELMAN concur.
Report per rule 30(e).
NOTES
[1] We also note that, when SBI Agent Evans answered the question, he stated that the opinion of the non-testifying agent, and "after review of his notes" SBI Agent Evans concurred, indicated "that it [wa]s the Scheduled [sic] II substance known as cocaine hydrocholoride, with a weight of 0.5 grams." In light of that response, which included Agent Evans's own opinion, and the strength of the other evidence against Defendant, admission of this testimony was not prejudicial, even if it was indeed erroneous.