IN THE MATTER OF: EARL D. COLLINS, JR., CLAIMANT-APPELLANT v. B&G PIE COMPANY, INC., EMPLOYER-APPELLEE, AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, APPELLEE

No. 8121SC1394

(Filed 2 November 1982)

Master and Servant § 108.1— absence from employment in violation of work rules —incarceration—misconduct connected with work—unemployment compensation properly denied

 Claimant was properly denied unemployment compensation where he was discharged for misconduct connected with his work, G.S. 96-14, in that he had more than seven unexcused absences from work within a 180 day period in violation of an employer's work rule, when he was incarcerated for a willful or legally unexcused probation violation.

APPEAL by claimant from *Helms, Judge.* Judgment entered 3 September 1981 in Superior Court, FORSYTH County. Heard in the Court of Appeals 12 October 1982.

Claimant, Earl D. Collins, Jr., sought unemployment compensation benefits after being terminated by his employer, B&G Pie Company, Inc. (B&G). Claimant was discharged from his employment for having more than seven unexcused absences from work within a 180 day period, in violation of a B&G work rule. Claimant was absent from work for two months due to his incarceration which resulted from the activation of a suspended sentence when he violated a condition of his probation. Defendant's probation violation consisted of his failure to make restitution payments ordered upon his conviction of failure to return rental property. The Employment Security Commission denied benefits to claim-

ant upon a determination that claimant had been fired for misconduct connected with his work. Claimant appealed to the superior court. From judgment of the superior court affirming the decision of the Commission, claimant appealed.

*Legal Aid Society of Northwest North Carolina, Inc., by Thomas A. Harris, for claimant-appellant.*

*Jack E. Ruby, for employer-appellee.*

*C. Coleman Billingsley, Jr., for appellee.*

WELLS, Judge.

The sole question we address is whether absence from employment in violation of a work rule due to incarceration for a willful or legally unexcused probation violation amounts to "misconduct" in the context of N.C.G.S. 96-14. We hold that it does.

G.S. 96-14, in part, provides:

An individual shall be disqualified for benefits . . . if it is determined by the Commission that such individual is, at the time such claim is filed, unemployed because he was discharged for misconduct connected with his work.

In G.S. 96-2 the General Assembly set out the public policy underlying the Employment Security Law, providing guidance in interpretation of that act. That section provides, in part, that the funds collected under the act are "to be used for the benefit of persons unemployed through no fault of their own." Citing this section, the Supreme Court in *In re Watson,* 273 N.C. 629, 161 S.E. 2d 1, 35 A.L.R. 3d 1114 (1968) stated that the act is intended to provide benefits "to one who becomes involuntarily unemployed" and cannot find work "through no fault of his own."

Our Supreme Court has defined "misconduct" under the statute to be conduct showing wanton or willful disregard for the employer's interest, deliberate violation of the employer's work rules, or a wrongful intent. *Intercraft Industries Corp. v. Morrison,* 305 N.C. 373, 289 S.E. 2d 357 (1982). While the mere violation of a work rule is not disqualifying misconduct where the evidence shows that the employee's actions were reasonable and were taken with good cause, *Id., citing In re Collingsworth,* 17

N.C. App. 340, 194 S.E. 2d 210 (1973), deliberate violation or disregard of standards of behavior which an employer has a right to expect of his employee, or carelessness or negligence manifesting equal culpability may constitute misconduct in connection with one's employment sufficient to disqualify the employee to receive unemployment benefits. *In re Collingsworth, supra, quoting with approval, Boynton Cab Co. v. Neubeck,* 237 Wis. 249, 296 N.W. 636 (1941). Although the question before us has not been addressed by our courts, the courts of several other states have addressed it, and we find that we are in accord with the majority view. *See, Annot.,* 58 A.L.R. 3d 674, 791.

In the present case, claimant's acts which resulted in his violation of a work rule were without legal excuse. In order to activate his suspended sentence, the court had to believe that claimant was able to pay his debt but did not; a suspended sentence may not be activated for failure to comply with a term of probation unless the defendant's failure to comply is willful or without lawful excuse. *See State v. Smith,* 43 N.C. App. 727, 259 S.E. 2d 805 (1979) and cases discussed therein. Claimant's failure to comply with the conditions of his probation caused him to become incarcerated and claimant missed work in willful disregard of his employer's work rules. Under these circumstances, claimant's resulting unemployment was not through no fault of his own.

We hold that claimant's discharge was for misconduct connected with his work, and that claimant was properly denied unemployment compensation.

The judgment of the Superior Court is

Affirmed.

Judges VAUGHN and WEBB concur.