IN THE MATTER OF: LEWIS P. GREGORY, JR. v. NORTH CAROLINA DEPART-
MENT OF REVENUE AND EMPLOYMENT SECURITY COMMISSION OF
NORTH CAROLINA

No. 8821SC643

(Filed 16 May 1989)

**Master and Servant § 108.1— unemployment compensation—em-
ployee of Department of Revenue—discharge for failure to
file tax returns**

A supervisory employee of the N. C. Department of
Revenue who was discharged for failure to file 1985 and 1986
state income tax returns on time or to request extensions
of time for filing was discharged for misconduct connected
with his work within the purview of N.C.G.S. § 96-14(2) and
thus is not entitled to unemployment benefits.

APPEAL by petitioner from *Seay, Judge.* Judgment entered
16 March 1988, *nunc pro tunc* 7 March 1988, in Superior Court,
FORSYTH County. Heard in the Court of Appeals 14 February 1989.

*Pfefferkorn, Pishko & Elliot, by David C. Pishko and Ellen
R. Gelbin, for petitioner appellant.*

*Attorney General Thornburg, by Assistant Attorney General
Marilyn R. Mudge, for respondent appellee North Carolina Depart-
ment of Revenue.*

*Staff Attorney Kathryn S. Aldridge for respondent appellee
Employment Security Commission of North Carolina.*

PHILLIPS, Judge.

Petitioner, a professional level employee of the North Carolina
Department of Revenue responsible for the collection of delinquent
taxes, was discharged for failing to timely file, or to request an
extension of time in which to file, his 1985 and 1986 individual
state income tax returns. His claim for unemployment benefits
was denied by the Employment Security Commission, and the deci-
sion was affirmed by the Superior Court. That petitioner neither
timely filed the tax returns required by law nor applied for exten-
sions of time within which to file has been established and is no
longer disputed. The only question petitioner raises is whether
these facts support the Commission's conclusion that he was dis-

charged for misconduct connected with his work under G.S. 96-14. The trial judge held that they do, and we agree.

Misconduct in connection with work is defined in our Employment Security Law at G.S. 96-14(2) as:

> . . . conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.

Petitioner fallaciously argues that his failure to file his tax returns on time did not constitute misconduct under this statute because the Department has no rule or policy requiring employees to file their returns on time. Petitioner's conduct being forbidden by statute a work rule to the same effect was unnecessary. Furthermore, a finding of misconduct does not necessarily depend upon the violation of a specific work rule. *Williams v. Burlington Industries, Inc.*, 318 N.C. 441, 349 S.E. 2d 842 (1986). Since the Department of Revenue administers and enforces our tax laws it is obviously in its interest, as well as that of the public, for its supervisory employees to comply with the laws they are employed to enforce; and that petitioner's delinquencies were contrary to that interest is self-evident. And it is immaterial that it has not been shown that petitioner's delinquencies harmed the Department; harm to the employer is not an element of misconduct as defined by G.S. 96-14(2), which speaks only of conduct and does not mention consequences.

Affirmed.

Judges ARNOLD and JOHNSON concur.