LARRY LYNCH, Petitioner v. PPG INDUSTRIES and EMPLOYMENT
SECURITY COMMISSION OF NORTH CAROLINA, Respondents

No. 9127SC49

(Filed 21 January 1992)

**Master and Servant § 108.1 (NCI3d)— unemployment compensation — conviction for possession of cocaine with intent to sell or deliver — disqualifying misconduct**

Respondent properly concluded that petitioner was not entitled to receive unemployment insurance benefits where petitioner was discharged following his conviction for possession of cocaine with intent to sell or deliver, and the fact that that particular offense was omitted from N.C.G.S. § 96-14(2), the statute defining misconduct, was not determinative, since that statute did not set out an exclusive list of examples of disqualifying misconduct.

**Am Jur 2d, Unemployment Compensation §§ 52, 52.5, 57.**

APPEAL by petitioner from judgment entered 5 October 1990 by *Judge John Mull Gardner* in CLEVELAND County Superior Court. Heard in the Court of Appeals 15 October 1991.

*Corry, Cerwin & Coleman, Attorneys, by Todd R. Cerwin, for petitioner-appellant.*

*Golding, Meekins, Holden, Cosper & Stiles, by Lawrence M. Baker and Henry C. Byrum, Jr., for respondent-appellee PPG Industries.*

*Chief Counsel T.S. Whitaker and Deputy Chief Counsel V. Henry Gransee, Jr., for respondent-appellee Employment Security Commission of North Carolina.*

PARKER, Judge.

Petitioner Larry Lynch appeals from a judgment affirming the decision of the Employment Security Commission ("ESC") that he is not entitled to receive unemployment insurance benefits. Petitioner was discharged from employment with PPG Industries following his conviction for possession of cocaine with intent to sell or deliver, in violation of N.C.G.S. § 90-95(a)(1). The ESC accepted the appeal referee's findings of fact that petitioner "never con-

sumed illegal drugs while at work" and "never reported to work while impaired by illegal drugs." The ESC concluded as a matter of law, however, that petitioner's drug conviction was misconduct within the meaning of N.C.G.S. § 96-14(2), disqualifying him from drawing unemployment benefits. On petitioner's appeal, the trial court upheld the ESC's decision. We affirm.

>   An individual shall be disqualified for benefits:
>
>   . . . .
>
>   (2) . . . [where] it is determined by the Commission that such individual is, at the time such claim is filed, unemployed because he was discharged for misconduct connected with his work. Misconduct connected with the work is defined as conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.

N.C.G.S. § 96-14(2) (1990).

A new second paragraph was added to N.C.G.S. § 96-14(2) by Session Laws 1989, chapter 707, section 5, with an effective date of 1 August 1989. That paragraph was in force when petitioner was convicted on 6 September 1989, after which PPG Industries terminated his employment. The new paragraph provides:

>   "Discharge for misconduct with the work" as used in this section is defined to include but not be limited to separation initiated by an employer for reporting to work significantly impaired by alcohol or illegal drugs; consuming alcohol or illegal drugs on employer's premises; conviction by a court of competent jurisdiction for manufacturing, selling, or distribution of a controlled substance punishable under G.S. 90-95(a)(1) or G.S. 90-95(a)(2) while in the employ of said employer.

N.C.G.S. § 96-14(2) (1990).

LYNCH v. PPG INDUSTRIES

[105 N.C. App. 223 (1992)]

On appeal petitioner argues that because this recent, special statutory definition of misconduct expressly enumerates all drug crimes included in N.C.G.S. §§ 90-95(a)(1) and (a)(2) except for possession with intent to sell or deliver, his conviction for possession with intent to sell or deliver is not a ground for disqualification from unemployment benefits under N.C.G.S. § 96-14(2). We disagree.

Petitioner misinterprets this special definitional paragraph to set out an exhaustive, exclusive list of examples of disqualifying misconduct. The statutory language, "include but not be limited to," clearly indicates, however, that the legislature did not intend an exclusive list. Thus, the paragraph added to N.C.G.S. § 96-14(2) in 1989 only illustrates and illuminates the more general language in the preceding paragraph of N.C.G.S. § 96-14(2). Under this provision the employer has the burden of showing the employee's disqualification from unemployment benefits on the basis of misconduct. *McGaha v. Nancy's Styling Salon*, 90 N.C. App. 214, 218, 368 S.E.2d 49, 52, *disc. rev. denied*, 323 N.C. 174, 373 S.E.2d 110 (1988).

Even under the general construction of "misconduct" for purposes of N.C.G.S. § 96-14(2), PPG Industries met its burden in this case by showing that petitioner by his conviction of a drug crime had failed to meet the "standards of behavior" that PPG Industries had "the right to expect" of its employees. An employee's misconduct need not occur at the workplace or in connection with employment tasks to violate expectable behavioral norms. *In re Collins v. B&G Pie Co.*, 59 N.C. App. 341, 296 S.E.2d 809 (1982), *disc. rev. denied*, 307 N.C. 469, 299 S.E.2d 221 (1983). Nothing in the listed examples of misconduct in the paragraph added to N.C.G.S. § 96-14(2) in 1989 suggests that employees violate social norms only when they manufacture, sell or deliver controlled substances and not when they are convicted of other crimes, *e.g.*, homicide, sexual offenses or possession of a controlled substance with the intent to sell or deliver.

By enacting the new provision in N.C.G.S. § 96-14(2), the legislature was manifestly addressing the serious drug problem in the work force. Sound reasons exist for legislating that conduct related to substance abuse is misconduct giving rise to discharge. A drug-dealing employee may so conduct himself that (i) fellow employees are tempted to engage in the use of drugs; (ii) use of drugs may affect work performance and quality; and (iii) the

employer's good will and business interests could thereby be threatened. An employer is not, however, required to prove actual harm to its interests in order to meet its burden of showing employee misconduct. *In re Gregory v. N.C. Dept. of Revenue*, 93 N.C. App. 785, 379 S.E.2d 51 (1989).

A specific ground for disqualifying an employee from unemployment benefits in N.C.G.S. § 96-14, "when applicable," prevails over the general policy in N.C.G.S. § 96-2 of providing benefits to workers who are "unemployed through no fault of their own." *In re Scaringelli*, 39 N.C. App. 648, 650-51, 251 S.E.2d 728, 730 (1979). Under the circumstances in this case, petitioner's loss of employment was based on intentional misconduct in substantial disregard of his employer's interests. Accordingly, we affirm the judgment of the superior court upholding ESC's conclusion that petitioner is disqualified from unemployment benefits.

Affirmed.

Judges WELLS and WYNN concur.